1  HELEN B. KIM, CSB 138209
   hkim@thompsoncoburn.com
2  **THOMPSON COBURN LLP**
   2029 Century Park East, Suite 1900
3  Los Angeles, California 90067
   Telephone: (310) 282-2500
4  Facsimile: (310) 282-2501

5

   Attorneys for Defendant GANDER
6  MOUNTAIN COMPANY

7

8

9                    **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| | |
|---|---|
| BRENDA CLARK, Individually, and on Behalf of all others similarly situated, | CASE NO. |
| | (Los Angeles County Superior Court Case No. BC556421) |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL BY GANDER MOUNTAIN COMPANY** |
| GANDER MOUNTAIN COMPANY, a Minnesota corporation, | **[28 U.S.C. §§ 1332(d), 1441, 1446 and 1453]** |
| Defendant. | |

12
13
14
15
16
17
18
19

20      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

21  **THE CENTRAL DISTRICT OF CALIFORNIA:**

22      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446

23  and 1453, Defendant Gander Mountain Company ("Gander Mountain") hereby

24  removes the case captioned *Brenda Clark v. Gander Mountain Company*, Case No.

25  BC 556421, from the Superior Court of Los Angeles County, California to the

26  United States District Court for the Central District of California, Western Division.

27  In support of this Notice of Removal, Gander Mountain states as follows:

28

6047321.3                          1

# I. **INTRODUCTION**

1.    Plaintiff filed this purported class action against Gander Mountain on or about September 2, 2014.

2.    Pursuant to the requirements of 28 U.S.C. § 1446(a), a copy of Plaintiff's "Class Action Complaint," together with "all process, pleadings, and orders served upon" Gander Mountain, are attached hereto as **EXHIBIT A**.

3.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because Gander Mountain was served the Complaint on September 15, 2014, and Gander Mountain filed this Notice of Removal within thirty (30) days of service. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day removal period under Section 1446(b) begins to run when service of process is properly effected).

4.    Plaintiff alleges that in March 2014, while in California and using a "wireless" telephone, she placed a call to Gander Mountain using (888) 542-6337. (Cmplt., ¶¶ 1 & 7).

5.    Plaintiff contends that Gander Mountain violated California Penal Code § 632.7 by recording the alleged call without advising her that it would be recorded. (Cmplt., ¶¶ 18-22).

6.    Plaintiff alleges that Gander Mountain records all California "wireless" calls without the caller's consent. (Cmplt., ¶ 9).

7.    For relief, Plaintiff seeks an award of $5,000 per allegedly offending phone call pursuant to California Penal Code §§ 637.2(a)(1), on behalf of herself and a proposed class defined as follows:

> All persons located in California whose wireless telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action.

(Cmplt., ¶ 11).

1    8.    Plaintiff also asks for an award of attorney fees under California Code

2 of Civil Procedure § 1021.5 plus costs.

3    ## II.  THE CLASS ACTION FAIRNESS ACT OF 2005

4    9.    The Class Action Fairness Act of 2005 ("CAFA") was signed into law

5 on February 18, 2005.

6    10.    CAFA authorizes the removal of putative class actions "commenced"

7 on or after February 18, 2005, if:  (i) the amount-in-controversy exceeds $5 million

8 in the aggregate; (ii) the citizenship of at least one member of the proposed class is

9 diverse from any defendant; and (iii) the proposed class size is not less than 100.

10 *See* 28 U.S.C. § 1332(d)(2)(A), d(5)(B), d(6), "note re:  "Effective and Applicability

11 Provisions – 2005 Acts"; Pub. L. 109-2, 119 Stat. 4, § 9 (2005).[1]

12    ### This is a Putative Class Action "Commenced"
13    ### After February 18, 2005

14    11.    For purposes of CAFA, an action is "commenced" when it is filed in

15 state court.

16    12.    Plaintiff filed this case in state court in September 2014. (Ex. A,

17 Summons).

18    13.    Plaintiff prays for an order certifying this case as a "class action."

19 (Cmplt., ¶¶ 11-17).

20    14.    This is a putative class action "commenced" after February 18, 2005.

21

22

23

24    [1] This Notice of Removal is based on the allegations of the Complaint.  In arguing

25 that Plaintiff has alleged facts sufficient to demonstrate removability under CAFA,
   Gander Mountain does not admit any of Plaintiff's allegations in the Complaint.

26 Gander Mountain does not admit that the Complaint states a claim upon which relief

27 may be granted, nor does Gander Mountain admit that Plaintiff is entitled to any

28 damages, class certification, or any of the other relief requested in the Complaint.

6047321.3

**The Alleged Amount-In-Controversy
Exceeds $5 Million**

15.    During the one-year period ending August 2014, Gander Mountain received substantially more than 1,000 phone calls from California telephone numbers using 888-542-6337.

16.    In fact, in the month of September 2013 alone, Gander Mountain received substantially more than 1,000 phone calls from California telephone numbers using 888-542-6337.  (**EXHIBIT B**, Aff., Christina Gamel, ¶ 6).

17.    Thus, the aggregate amount in controversy easily exceeds $5 million because only 1,000 calls are needed to do so; *i.e.*, 1,000 calls x $5,000 controverted per call = $5,000,000.

18.    In addition, Plaintiff's proposed class definition not only includes calls received from California customers, but calls *made* to California customers, as well. (Cmplt., ¶ 11).  This increases the aggregate amount in controversy.

19.    Plaintiff additionally seeks attorney fees pursuant to California Code of Civil Procedure § 1021.5 (*see* Cmplt., § 22) which also increases the aggregate amount in controversy.

**The Citizenship of At Least One Putative Class Member
and Gander Mountain is Diverse**

20.    Plaintiff's proposed class definition includes putative members who are citizens from various states throughout the country. (Cmplt., ¶ 11).

21.    Plaintiff Clark is and was at the time she commenced this action a citizen of the State of California. (Cmplt., ¶ 1).

22.    Gander Mountain is and was at the time Plaintiff commenced this action a Minnesota corporation that maintains its principal place of business in Minnesota. (**EXHIBIT C**, Aff., Robert Vold at ¶ 2).  Accordingly, Gander Mountain is a citizen of Minnesota for diversity jurisdiction purposes.  28 U.S.C. § 1332(c)(1).

23.   CAFA's minimal diversity requirement is therefore satisfied.  28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant").

**The Alleged Class Size Is Greater than 100**

24.   Plaintiff alleges "that the total number of Class members is at least in the tens of thousands…."  (Cmplt., § 13).

25.   The alleged putative class, therefore, easily exceeds the 100 minimum prescribed by 28 U.S.C. § 1332(d)(5)(B).

**CAFA Authorizes Removal**

26.   In sum, CAFA authorizes removal of this case to federal court, because:  (i) Plaintiff's proposed class action "commenced" after February 18, 2005; (ii) the alleged aggregate amount-in-controversy exceeds $5 million; (iii) there is minimal diversity of citizenship; and (iv) the alleged class size exceeds 100.

**CONCLUSION**

27.   For all of the foregoing reasons, removal of this case to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

28.   Concurrent with the filing of this Notice of Removal, Gander Mountain is giving Plaintiff written notice of the filing of this Notice of Removal as is required by 28 U.S.C. § 1446(d).  A copy of that notice, which will be filed with the Clerk of the Superior Court of Los Angeles County, California, is attached hereto as **EXHIBIT D**.

30.   Removal to the United States District Court for the Central District of California, Western Division, is proper pursuant to 28 U.S.C. § 1441(a), because this forum embraces the Superior Court of Los Angeles County, California, the place where this action is pending. 28 U.S.C. § 84(c)(2).

31.   Gander Mountain has given the undersigned attorneys authority to sign and file this Notice of Removal.

WHEREFORE, Gander Mountain removes to this Court the action captioned

1   as *Brenda Clark v. Gander Mountain Company*, No. BC556421 that is currently

2   pending in the Superior Court of Los Angeles, California, to this Court.

3

4   DATED:  October 14, 2014          **THOMPSON COBURN LLP**

5

6

7                                              By:  _____/s/ *Helen B. Kim*_____

8                                                   **HELEN B. KIM**
                                                    Attorneys for Defendant GANDER
                                                    MOUNTAIN COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 1900, Los Angeles, California 90067.

On October 14, 2014, I served true copies of the following document(s) described as **NOTICE OF REMOVAL BY GANDER MOUNTAIN COMPANY** on the interested parties in this action as follows:

Scott J. Ferrell, Esq.                                     Attorneys for Plaintiff
Richard H. Hikida, Esq.
David W. Reid, Esq.
Victoria C. Knowles, Esq.
Newport Trial Group
4100 Newport Place
Suite 800
Newport Beach, CA 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469
E-Mail:       sferrell@trialnewport.com
              rhikida@trialnewport.com
              dreid@trialnewport.com
              vknowles@trialnewport.com

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 14, 2014, at Los Angeles, California.

                                        /s/ Catherine C. Mamavson
                                        Catherine C. Mamavson